IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DONALD CHANEY,

        Petitioner,

v.

JOHN MASQUELIER,[1]

        Respondent.

Case No. 24-CV-338-JFH-JAR

## OPINION AND ORDER

Petitioner Donald Chaney, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Carter County, Case No. CF-2014-332. Respondent John Masquelier has moved to dismiss the amended petition [Dkt. No. 7], arguing that Petitioner failed to initiate the action within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Having considered the amended petition [Dkt. No. 7], Respondent's pre-answer motion to dismiss and brief in support [Dkt. Nos. 12, 13], and Petitioner's response in opposition to the motion [Dkt. No. 15], the Court grants Respondent's motion and dismisses the amended petition with prejudice, as barred by the statute of limitations.

## BACKGROUND

Petitioner pleaded guilty in District Court of Carter County, Case No. CF-2014-332 to nine counts of Pornography—Possession of Juvenile Pornography, in violation of Okla. Stat. tit. 21 §

---

[1] Petitioner presently is incarcerated at the James Crabtree Correctional Center, in Helena, Oklahoma. The Court substitutes James Crabree Correctional Center's current warden, John Masquelier, in the place of Carrie Bridges, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

1021.2.  Dkt. No. 13-3, at 1.[2]  The state district court pronounced judgment on December 10, 2014, and sentenced Petitioner to twenty years of imprisonment on each count, with all counts to run concurrently.  *Id.*  On December 22, 2014, Petitioner filed a motion seeking to withdraw his guilty pleas, Dkt. No. 13-4, which the state district court denied on January 14, 2015, Dkt. No. 13-5.  Though Petitioner's attorney failed to timely appeal that order, Petitioner was ultimately granted leave to bring an out-of-time certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA").  Dkt. No. 13-6.  The OCCA, however, denied certiorari in a summary opinion issued June 22, 2017.  Dkt. No. 13-9.  Petitioner was afforded 90 days to seek a writ of certiorari with the United States Supreme Court but did not do so.  *See Gonzalez v. Thaler*, 565 U.S. 143, 150 (2012); Sup. Ct. R. 13.1.

Petitioner initially sought a writ of habeas corpus in 2021, but this Court dismissed the petition without prejudice due to Petitioner's failure to exhaust state court remedies.  *See* Opinion and Order, *Chaney v. Dennis*, Case No. 21-CV-075-RAW-KEW (E. D. Okla. Feb. 25, 2022).  Petitioner then initiated the instant action on September 19, 2024, raising ten claims for relief.  Dkt. No. 1.  However, due to deficiencies in the filing, the Court directed Petitioner to amend his petition.  Dkt. No. 5.  Petitioner then filed his amended petition on November 15, 2024, asserting four claims for relief:  (1) ineffective assistance of counsel, (2) denial of speedy trial, (3) involuntary plea, and (4) denial of due process right to appeal.  Dkt. No. 7, at 15.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

---

[2]  The Court's citations refer to the CM/ECF header pagination.

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became final under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

    a.  <u>The One-Year Limitations Period</u>

In addressing the timeliness of his petition, Petitioner arguably invokes 28 U.S.C. § 2244(d)(1)(D) by asserting that "newly discovered evidence . . . appeared in May 2022." Dkt. No. 7, at 13. Petitioner refers to a May 2022 correspondence with the Carter County District Court Clerk's Office, in which Petitioner requested "[his] discovery," and "all the State's discovery, all the evidence they used to charge [him], [and] all the State's investigation that led to [his] arrest." *Id.* at 18-21. In response, the court clerk provided a "State's Motion for Discovery" dated September 19, 2014, and stated that the motion was "all [they] have for discovery." *Id.* at 18, 20, 22. Petitioner appears to believe the correspondence shows there was "no evidence" against him and that his counsel was aware of this purported lack of evidence but failed to advise him of it. *See* Dkt. No. 15, at 2-3. Petitioner references the correspondence in relation to his claim of ineffective assistance of counsel, stating, "Defense counsel . . . intentionally kept me from going to prelim[inary] hearing and my trial knowing there was no evidence against me as I recently

3

discovered by asking the Court Clerk about discovery costs, in May, 2022. . . . She should have c[o]me to me and told me they had no evidence against me. That's what I told her when she was asking me about ages of girls on my computer." Dkt. No. 7, at 5, 16.

It appears Petitioner misunderstood the court clerk's 2022 correspondence to mean that no evidence existed (rather than that such evidence was not in the possession of the court clerk's office). That misunderstanding does not afford Petitioner a new commencement date under § 2244(d)(1)(D). Petitioner does not explain why the extent of the State's evidence and his attorney's awareness of it were not discoverable before his judgment became final. In fact, the record reflects Petitioner was present with his attorney at his sentencing hearing on December 10, 2014, at which the State presented evidence. Dkt. No. 13-8, at 9 ("The sentencing hearing commenced on December 10, 2014. At the hearing, the State offered into evidence 20 photographs found on Petitioner's computer."); Dkt. No. 13-3, at 1. Accordingly, Petitioner has not demonstrated entitlement to a commencement date under § 2244(d)(1)(D).

As Petitioner has not shown the applicability of the triggering events provided in § 2244(d)(1)(B)-(D), the timeliness of his petition is governed by § 2244(d)(1)(A). Petitioner's judgment became final on September 20, 2017, upon the expiration of his ninety-day deadline to file a petition for writ of certiorari with the United States Supreme Court following the OCCA's June 22, 2017, decision. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The limitations period began to run the following day and expired one year later, on September 21, 2018. *Id.* Accordingly, Petitioner's habeas action, initiated September 19, 2024,[3] is not timely absent statutory or equitable tolling.

---

[3] The Court assumes, without deciding, that the amended petition relates back to the filing date of the original petition in this matter. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 655-65 (2005).

b.  Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).  This statutory tolling provision, however, does not apply to applications for state post-conviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Petitioner did not seek post-conviction relief or other collateral review in state court during his one-year limitations period and therefore is not entitled to statutory tolling.

While the AEDPA's statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Petitioner vaguely refers to deficiencies in his prison law library and his own lack of understanding of the law.  Dkt. No. 15, at 1, 6-7.  These circumstances, however, generally do not merit equitable tolling.  *See Marsh*, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse

prompt filing." (internal quotation marks omitted)); *Gibson*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). Petitioner also asserts he was diligent in pursuing his claims. Dkt. No. 15, at 2. Yet, Petitioner does not explain why he failed to pursue his claims during the statutory year or demonstrate that extraordinary circumstances beyond his control precluded the timely submission of his petition. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).

Finally, "a convincing showing of actual innocence" may "serve[] as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). While Petitioner alludes to his innocence and refers to the purported lack of evidence against him, he does not clearly invoke the actual innocence gateway, nor does he make a credible showing of actual innocence. Dkt. No. 15, at 4-5. The actual innocence gateway is not available unless the petitioner can demonstrate that, "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (internal quotation marks omitted). Such evidence may be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not provided such evidence. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency"); *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) ("An actual innocence claim must be based on more than the petitioner's speculations and conjectures.").

## CONCLUSION

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 12] and dismisses the petition with prejudice as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. the Clerk of Court shall note on the record the substitution of John Masquelier in place of Carrie Bridges as party respondent;

2. Respondent's motion to dismiss [Dkt. No. 12] is GRANTED;

3. the amended petition for writ of habeas corpus [Dkt. No. 7] is DISMISSED with prejudice as barred by the AEDPA's statute of limitations;

4. a certificate of appealability is DENIED; and

5. a separate judgment shall be entered in this matter.

Dated this 11th day of February, 2026.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE